UNITED STATES DISTRICT COURT                ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VINCENT CALABRO,

                     Plaintiff,                    MEMORANDUM AND ORDER

      -against-                                      09-CV-4859 (JG)

ANIQA HALAL LIVE POULTRY CORP.,

                     Defendant.
----------------------------------------------------------------x
A P P E A R A N C E S:

    LAW OFFICE OF KENNETH M. MOLLINS, P.C.,
        425 Broadhollow Road, Suite 205
        Melville, New York 11747
    By:    Peter Citron
        *Attorney for Plaintiff*

    JANELLE L. NILES
        87 South Portland Street
        Brooklyn, New York 11217
        *Attorney for Defendant*

    BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, New York 11201
    By:    Eliot M. Schachner
        *Attorney for Third Party Defendants*

JOHN GLEESON, United States District Judge:

        Vincent Calabro, a safety inspector for the United States Department of

Agriculture, brought this action in New York state court against Aniqa Halal Live Poultry Corp.

for allegedly using his photograph and name in its advertisements without his permission in

violation of New York state law. After answering and asserting claims against Calabro and the

USDA, Aniqa removed the action to this court on the basis of federal question jurisdiction. 28

U.S.C. § 1441(b). Calabro, disputing subject matter jurisdiction, moves to remand the action to state court. For the reasons set forth below, the motion is granted.[1]

BACKGROUND

From January through July of 2009, Calabro claims he was the sole USDA safety inspector assigned to monitor Aniqa's poultry slaughtering operations at its plant in Queens. Calabro alleges that in August or September of 2009, Aniqa ran advertisements in at least two community newspapers for its live halal poultry market that included photographs of Calabro inspecting chickens at Aniqa's plant and of a USDA certificate showing Calabro's signature.

On October 12, 2009, Calabro filed this suit in New York Supreme Court, Queens County, in his individual capacity, complaining that Aniqa was using his likeness and signature for commercial purposes without his written consent, in violation of N.Y. Civ. Rights Law § 50 and § 51. He seeks damages and an order enjoining Aniqa from any further unauthorized use of his likeness or signature.

On November 4, 2009, Aniqa answered the complaint and asserted third party claims against Calabro in his official capacity as a USDA inspector and against the USDA.[2] The claims arise under the False Claims Act, 31 U.S.C. § 3729 et seq., and the Poultry Products Inspection Act, 21 U.S.C. § 451 et seq. Aniqa alleges that the USDA billed it for inspection services that were never performed and that, in retaliation for its complaints about the false billing, Calabro arranged to bring an ABC news crew into its plant and brought this lawsuit. It seeks, among other relief, a declaration that it has not violated the Poultry Products Inspection Act.

---

[1] On December 4, 2009, I orally granted Calabro's motion to remand. This opinion explains that decision.

[2] Although claims by a defendant against a plaintiff are usually denominated as counterclaims, Aniqa refers to its claims against Calabro as third-party claims, presumably because Aniqa is suing him in his official capcity, while Calabro is suing Aniqa in his individual capacity.

On November 6, 2009, Aniqa removed the action to this court on the basis of federal question jurisdiction.

DISCUSSION

A. *Legal Standard*

A defendant may remove an action filed in state court to a federal district court only if the plaintiff could have filed the action in federal court. 28 U.S.C. § 1441(a). On a motion to remand, the defendant bears the burden of proving that the federal court has subject-matter jurisdiction over the action. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). If the defendant defends the propriety of removal on the basis of federal question jurisdiction, whether that jurisdiction in fact exists is governed by the "well-pleaded complaint rule." *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under that rule, federal question jurisdiction is present only if a question of federal law appears on the face of the plaintiff's properly pleaded complaint. *Id.* The rule, it is often said, makes the plaintiff the master of his claim; he may evade federal jurisdiction by relying only on state law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, if the complaint does not raise a federal question, a defendant may not defeat a plaintiff's choice of a state forum by introducing a federal question into the answer or even into a compulsory counterclaim. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

B. *Analysis*

A straightforward application of the "well-pleaded complaint rule" necessitates a remand. Aniqa asserts only one basis for removal -- federal question jurisdiction -- but Calabro's simple complaint states only a single state law claim under N.Y. Civ. Rights Law § 50 and § 51.[3]

---

[3] N.Y. Civ. Rights Law § 51 states: "Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained [as

Calabro's entitlement to relief turns entirely on whether he can prove that (1) Aniqa used his name and likeness without his written consent, and (2) that it did so within New York for advertising or trade purposes. Although the complaint refers to a federal statute, the Poultry Products Inspection Act, 21 U.S.C. § 451 et seq., it does so only to explain Calabro's presence in Aniqa's plant as a USDA safety inspector. (The Act requires that all poultry intended for human consumption be inspected by the USDA. *Id.* at § 455.) Whether Calabro may prevail on his state law claim does not in any way depend on the application of the Poultry Products Inspection Act or any other federal law.

Aniqa does not seriously suggest that Calabro's complaint presents a federal question that would give this court jurisdiction over the action. Instead, Aniqa argues that the federal claims it asserts against Calabro in his official capacity and against the USDA give this court jurisdiction to hear Calabro's state law suit because all of the claims share "a common nucleus of operative fact." Aniqa appears to rest this argument on principles underlying 28 U.S.C. § 1367, although it does not explicitly refer to that provision in its papers. That statute states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims that share "a common nucleus of operative fact" form part of the same case or controversy under Article III. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006).

Aniqa's theory is incorrect. Section 1367 does not permit defendants to remove actions that are not properly removable under § 1441(a). If § 1367 could be used in this way,

---

provided in § 50] . . . may maintain an equitable action . . . against the person, firm or corporation so using his name, portrait, picture or voice, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use . . . ."

then § 1441(a)'s language limiting removal to only those actions of which district courts have original jurisdiction would be meaningless; a defendant could remove an action raising only state law questions whenever it could assert federal claims related to the same facts that gave rise to the plaintiff's lawsuit. This reading of § 1367 would make the defendant, not the plaintiff, master of the plaintiff's claim and would conflict with the Supreme Court's repeated affirmation of the "well-pleaded complaint rule."

The Supreme Court implicitly rejected this interpretation of § 1367 and § 1441 when it held in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. at 831-32, that even a federal question presented in a compulsory counterclaim is insufficient to justify jurisdiction over an action if the complaint raises only issues of state law. To be compulsory, it is not enough that a counterclaim share "a common nucleus of operative fact" with a plaintiff's claim; it must also be "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2004). Aniqa has not argued that its claims against Calabro and the USDA are compulsory (and it is hard to see how they could be), but whether they are compulsory or merely permissive doesn't matter. If a federal question presented in a compulsory counterclaim cannot justify jurisdiction, then surely federal questions presented in permissive counterclaims or third party claims cannot either.

Because Aniqa has asserted no colorable bases for federal jurisdiction, I find it appropriate to require Aniqa to pay just costs and any actual expenses, including attorney fees, incurred by Calabro as a result of removal. *See* 28 U.S.C. § 1447(c); *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992) (finding that case was removed in bad faith not necessary to award fees and costs under § 1447(c)). If the parties cannot agree

on the amount to be reimbursed by December 28, 2009, Calabro should submit a bill of costs and a fee application to the Court.[4]

## CONCLUSION

The motion to remand is granted.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 15, 2009
      Brooklyn, New York

---

[4] A federal district court retains jurisdiction to decide a motion for fees and costs under 28 U.S.C. § 1447(c) after it has remanded a case to state court. *Bryant v. Britt*, 420 F.3d 161, 162 (2d Cir. 2005).