UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT CALABRO ,

                        Plaintiff,            **REPORT AND**
                                                    **RECOMMENDATION**
  -against-

                                                    09-CV-4859 (JG) (JMA)

ANIQUA HALAL LIVE POULTRY CORP.,

                        Defendant.
-----------------------------------------------------------------X

A P P E A R A N C E S :

Kenneth Mollins
Law Office of Kenneth M. Mollins, P.C.
425 Broadhollow Road, Suite 205
Melville, New York 11747
    *Attorney for Plaintiff*

Janelle Laverne Niles
The Law Office of Janelle Niles, Esq.
87 South Portland Ave.
Brooklyn, New York 11217
    *Attorney for Defendant*


**AZRACK, United States Magistrate Judge:**

By Order dated June 29, 2011, the Honorable John Gleeson referred the above-captioned matter to me, pursuant to 28 U.S.C. § 636(b), for a report and recommendation on plaintiff's motion for attorney fees. For the reasons set forth below, I recommend that plaintiff's application be granted.

                **I.    BACKGROUND**

On December 15, 2009, after oral arguments, Judge Gleeson issued an order remanding this case to state court. Gleeson Mem. and Op., ECF No. 13. In the Memorandum and Opinion, Judge Gleeson noted that "[b]ecause Aniqua has asserted no colorable bases for federal

1

jurisdiction, I find it appropriate to require Aniqua to pay just costs and actual expenses, including attorney fees, incurred by Calabro as a result of removal." Gleeson Mem. and Op. at 5. On January 5, 2010, defendant appealed Judge Gleeson's decision. See ECF Entry dated Jan. 4, 2010.

On January 12, 2010, plaintiff submitted a formal motion for attorney fees, requesting $3,575 for "drafting the motion and reply and thereafter appearing in court and oral argument." Pl.'s Mot. for Att'y Fees 6, ECF No. 17. Although plaintiff did not submit documentary evidence to support his request for the fees, he submitted a declaration affirming that he charged an hourly billing rate of $325 and expended eleven hours on the case. Id. at 3–8. Over defendant's objections, Judge Gleeson awarded plaintiff the requested $3,575.[1] Judge Gleeson Order dated Mar. 23, 2010. On June 10, 2011, the Second Circuit dismissed defendant's appeal in part, and affirmed the $3,575 attorney fee award. Calabro v. Aniqua Halal Live Poultry Corp., No. 10-CV-66, 2011 WL 2279187, at *3 (2d Cir. 2011); see also ECF No. 30.

After the Second Circuit's decision, and per defendant's letter requesting a conference, I scheduled a settlement conference to see if the parties could resolve plaintiff's outstanding attorney fees. Scheduling Order dated July 5, 2011. Prior to the conference, plaintiff's counsel submitted a request for the additional $2,275 in attorney fees incurred in defending against defendant's appeal. Pl.'s Letter dated Jul. 6, 2011, ECF No. 31.

On July 28, 2011, I held the settlement conference. After much discussion, plaintiff's counsel agreed to settle the case for less than his requested fee amount on the condition that defendant provide the award by 5:00 PM on August 8, 2011. Plaintiff's counsel explicitly told

---

[1] In a letter dated April 7, 2010, plaintiff requested that the Court hold defendant in contempt for its failure to pay plaintiff's attorney fees, and requested an additional $1,300. ECF No. 25. Judge Gleeson denied plaintiff's request subject to the Second Circuit's final judgment on defendant's appeal. Gleeson Order, Apr. 12, 2011, ECF No. 26.

defense counsel that should he fail to receive the check by that date, he would be seeking a total of $5,850 in attorney fees, which included Judge Gleeson's previous award of $3,575, and the additional $2,275 expended on the appeal. Despite the fact that defense counsel requested the conference, she stated that she did not have the authority to agree to the putative settlement arrangement, but assured the Court that she would contact her client and seek his approval.[2] On August 3, 2011, defense counsel telephonically requested an extension of time to speak with her client about the settlement agreement, but I declined to grant the extension. On August 9, 2011, plaintiff's counsel informed the Court by telephone that he had not received his fees and that, pursuant to his previous request, he was seeking a total amount of $5,850 in attorney fees.

## II. DISCUSSION

Counsel's inability to resolve this issue amongst themselves is disappointing, particularly in light of Judge Gleeson's clear and unambiguous Order requiring the defendant to pay plaintiff $3,575 in attorney fees. Gleeson Order dated March 23, 2010. The Court of Appeals later affirmed the judgment; thus, plaintiff's counsel is undeniably entitled to that amount.

Plaintiff's counsel also seeks $2,275 in reimbursement for an additional seven hours of attorney time billed at a rate of $325 per hour. Considering that plaintiff's counsel only spent seven hours on the appeal, and that his billing rates are in accordance with the prevailing rates in the Eastern District of New York,[3] I find it fruitless to request that plaintiff expend any

---

[2] Defense counsel stated that her client was in Bangladesh caring for his sick mother.

[3] "A review of recent cases . . . indicates that the range of appropriate billing rates is $200-$375 per hour for partners and $100-$295 per hour for associates." Melnick v. Press, No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, at *32 (E.D.N.Y. Aug. 28, 2009) (collecting cases); see also Gutman v. Klein, No. 03-CV-1570, 2009 U.S. Dist. LEXIS 123057, at *8 (E.D.N.Y. Oct. 9, 2009) (approving rates of $300 to $400 for partners and $200 to $300 for senior associates); Duverger v. C & C Duplicators, Inc., No. 08-CV-0721, 2009 U.S. Dist. LEXIS 53859, at *7 (E.D.N.Y. June 25, 2009) (finding appropriate billing rates in this district to be $200 to $350 for partners); Cruz v. Henry Modell & Co., No. 06-CV-1450, 2008 U.S. Dist. LEXIS 25339, at *23 (E.D.N.Y. Mar. 31, 2008) ("Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, [and] $200 to $250 for senior associates . . . .").

additional amount of time compiling and submitting his billing records to the Court. This case has already gone on far too long considering that the underlying action has already been fully adjudicated in state court.[4] Accordingly, I recommend that plaintiff's counsel's application for $5,850 in attorney fees be granted in full.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend granting plaintiff's application for $5,850 in attorney fees. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of the date of issuance of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.

Dated: August 11, 2011
Brooklyn, New York

                                      JOAN M. AZRACK
                                      UNITED STATES MAGISTRATE JUDGE

---

[4] At the settlement conference, plaintiff's counsel informed me that the state court granted summary judgment in plaintiff's favor.